On Motion to Dismiss.
BREAUX, C. J.
Plaintiff sued for the custody of the minor child, Norma, who was with defendant, her mother.
The defendant claimed the custody.
Judgment was rendered and signed September 14, 1909, in favor of defendant, and dismissing the suit.
The motion of appellant for an appeal was filed on the 13th of September, 1909. The motion, it follows, preceded the signing of the judgment by one day.
The judgment was rendered on the 8th of September, but was not signed before the 14th following. The bond of appeal was filed on the 22d following, for an amount corresponding with that fixed in the order.
The appellee’s grounds for dismissing the appeal are:
First. The prematurity of the motion for the appeal and of the order of appeal thereon.
Second. The appeal was taken by motion; it should have been taken by petition and citation.
The appellee moved to dismiss the appeal on the first ground on the 6th of October, and filed a second motion to dismiss the appeal on the second ground on the 14th day of October, 1909.
/
Recurring to the first proposition that the judgment was signed the, day after the motion of appeal had been filed: This first ground has never been held as absolutely defeating the right of appeal.
Appellate courts have frequently remanded the case for the required signature to make the judgment effective and final and to enable, the appellant thereafter to perfect the appeal.
But here the judgment is signed, and there is no necessity of remanding the case for it to be signed. It would'serve no purpose to remand the case only in order to have a motion of appeal entered after the date of the judgment.
In a similar case this court held that the judgment was properly before the court, and the court saw no reason to dismiss the appeal. McGregor v. Barker, 12 La. Ann. 289.
In another case it was held that the appeal should not be dismissed on the ground that the appeal had been taken prematurely.
There are similar expressions in State v. Balize, 38 La. Ann. 543.
The court quotes the following approvingly:
“We are of opinion that this motion ought not to prevail. It is usual in the country to apply for an appeal before the judgment is signed. The appeal is considered as being taken nunc pro tunc” — citing- Green v. Huey, 23‘ La. Ann. 705, Vicksburg, S. & T. R. Co. v. Hamilton, 15 *315 La. Ann. 521, and Mouton v. Broussard, 25 La. Ann. 497, in support of the text.
The custom in the country may be considered in deciding whether an appellant should be permitted to prosecute an appeal.
An appeal should be dismissed only when it is evident that there is fatal oversight or negligence.
There are other cases bearing upon the subject and presenting some analogy, although possibly not of themselves here controlling. Jordan v. Saunders, 13 La. Ann. 417; Klotz v. Maeready and Burke, 35 La. Ann. 596.
In the former of these two cases the court held that:
“An appeal must be tested by the state of facts existing at the time the transcript is filed.”
This finds support in Klotz v. Maeready, 35 La. Ann. 590, and Percy v. Millaudos, 6 La. 586.
There is no necessity of going so far as was decided in these two eases to maintain the appeal in the present case. All was done that was required in the present case, except that the judgment was signed at a date later than the motion for the appeal; that is, as before stated, the day afterward.
If a judgment be not signed at all, and an appeal be taken, it gives rise to a different question from the present.
Learned counsel for appellees refers to these decisions applying when -the judgment is not signed at any time, and specially cites Jacob v. Preston, 31 La. Ann. 515, a case in which it does not appear that any judgment at all had been signed.
This is entirely different from the present ca'se, in which we have stated there is a signed judgment.
The next proposition is that the term of the civil district court for the parish of Orleans begins in October and ends in June. During the session, appeal may be taken by motion, but that thereafter the appeal must be taken by petition and citation.
There is no merit in the contention.
The court by which the judgment was. rendered contradictorily with the parties had authority to grant the motion for an appeal.
The court was in open session, and had jurisdiction (Act No. 4 of 1896) for issuing any and all writs during the summer or vacation months.
The action was by writ of habeas corpus to obtain the custody of a child.
See interpretation given in State ex rel. City of New Orleans v. Judge, 21 La. Ann. 733, to a similar act of a prior date, viz., Act No. 16 of 1869.
The motion to dismiss is overruled.