(84 South. 796)

No. 22651.

## STATE ex rel. BIRCH v. BAKER et ux.

(June 2, 1919. On the Merits, May 3, 1920. Rehearing Denied May 31, 1920.)

*(Syllabus by Editorial Staff.)*

On Motion to Dismiss Appeal.

1. Habeas corpus ⏤113(4) — Appellant held not to have acquiesced in judgment.

An appeal from a judgment in habeas corpus, giving relator custody of a child subject to proceedings in the juvenile court to determine its custody, will not be dismissed for acquiescence of appellant therein, where the only acquiescence was by pleading to the jurisdiction of the district court because the case was within the jurisdiction of the juvenile court.

On the Merits.

2. Divorce ⏤289—Separation from bed and board; juvenile court jurisdiction does not affect jurisdiction in divorce to award child's custody.

Const. art. 118, giving exclusive jurisdiction to the juvenile court to try all neglected and delinquent children, does not affect the right of the district court in an action for divorce or separation to award the custody of a minor child to one of the parties.

3. Adoption ⏤7—Divorced father must consent to adoption of child awarded to mother.

An adoption of a child with the mother's consent, but without the consent of the father, is void under the statute requiring consent of both parents if living, though the custody of the child had been awarded to the mother in divorce proceedings.

4. Habeas corpus ⏤93—Adopting parents cannot contend as against father that custody was awarded to divorced mother.

In habeas corpus proceedings by a father for custody of his minor child foster parents who adopted the child with the consent of the mother, who was not a party to the proceedings, cannot raise the issues that the mother obtained her divorce against relator on the ground of adultery, and was awarded custody of the child.

O'Niell, J., dissenting.

Appeal from Twenty-Sixth Judicial District Court, Parish of Washington; Prentiss B. Carter, Judge.

Habeas corpus by the State, on relation of James R. Birch, against George W. Baker and wife, to recover custody of relator's minor child. From a judgment making the writ absolute, giving permanent custody of the child to relator subject to the action of the juvenile court as to the legal custody of the child, respondents appeal. Motion to dismiss appeal overruled, and judgment affirmed.

Sanders & Johnson and C. E. Ott, all of Bogalusa, for appellants.

M. I. Varnado, of Franklinton, for appellee.

SOMMERVILLE, J. On motion to dismiss appeal. Relator and appellee moves to dismiss the appeal taken by respondent on the ground that, after the judgment appealed from had been rendered, respondent had acquiesced in the judgment by filing a certain motion in the district court.

[1] Appellee is in error. The motion was a plea to the jurisdiction of the district court, in which it was alleged that the case was within the jurisdiction of the juvenile court, and it was filed before the case was tried or judgment was rendered.

The motion to dismiss the appeal is overruled.

## On the Merits.

DAWKINS, J. Plaintiff seeks through the writ of habeas corpus to obtain the custody and control of his minor daughter, Myrtle May Birch, born August 25, 1907, who he alleges is held against his will by the minor's maternal grandparents, Mr. and Mrs. George W. Baker. He further alleges that he has been divorced from Mrs. Clara May Baker, now the wife of Bernard Girodina, and mother of the child, and that the said mother has waived and relinquished all of her rights and claims to said minor; that the physical and moral welfare of said child is being jeopardized by her present surroundings; that petitioner has always borne the expense of said minor's support and education; and that he now has a comfortable home in the city of Bogalusa, where he can rear and educate his said daughter in the manner to which she is entitled, and in keeping with her station in life.

Respondents admit that they have refused to surrender the custody of said child to petitioner, and that the said mother has waived her right thereto, but aver that the said mother had previously obtained a judgment of divorce from the petitioner on the ground of adultery, and in which she was awarded the custody and control of the said minor; that thereafter the said mother had joined in and consented to the adoption by respondents of the said child, in a formal notarial act of adoption in conformity with the law; that the said minor was born in their home, has always lived there, and that they have fed, clothed, educated, and cared for it in every way as their own. They further aver that the petitioner also consented and signed the act of adoption, together with respondents

and the said mother, and that said child remains with them of her own free will. All other allegations of the petition were denied.

Thereupon plaintiff filed a motion for judgment upon the face of the pleadings, and, this being overruled, respondents filed a motion to transfer the merits of the case to the juvenile side of the court. On the same day, May 12, 1917, the case was tried, and the lower court rendered and signed two separate judgments: The first making the writ of habeas corpus and rule against respondents absolute, and decreeing relator "the permanent custody, care, and control of his minor child, Myrtle May Birch, subject to such action as the juvenile court may take as to the legal custody of the said child"; and, second, ordering "that the cause as to the custody of the child be transferred to and proceeded with before the Twenty-Sixth judicial district court, for Washington parish, sitting as juvenile court to determine in the interest of the child as to its further custody."

Respondents appealed, and the relator appeared here and moved to dismiss the appeal, on the ground that the appellants had acquiesced in the judgment below by moving to transfer the case to the juvenile court. The motion to dismiss was overruled by this court on June 2, 1919.

## Opinion.

[2, 3] Article 118 of the Constitution gives exclusive jurisdiction to the juvenile court in the parish of Orleans, and to the district courts in the other parishes of the state, sitting as juvenile courts, to try all "neglected" and "delinquent" children under the age of 17 years, also all persons (adults) who may contribute to the neglect or delinquency of such children, as well as all cases of nonsupport by either parent of their children. However, we do not understand by this that the district courts as such are deprived of the

right to consider the moral fitness or financial ability of either spouse in awarding the custody of children in divorce or separation proceedings between the parents. In the juvenile court, the matter partakes of the nature of a criminal charge against the child, originated by affidavit, and that court may, on proper showing, remove the child from its parent or parents, or any other custodian, and make such disposition as it sees fit; while in divorce or separation proceedings in the district courts the judge may consider those matters in exercising his discretion to award the custody to one or the other of the parents. No such question is presented in the present case. The issue is as to whether or not the lawful father, separated by divorce from the mother, has the better right to the child than the grandparents claiming under an act of adoption joined in and consented to by the mother alone. The record discloses that the father did not consent to the adoption by the grandparents. In these circumstances, it was without effect as to him. If both parents are living, the law requires that each of them shall consent thereto to render an adoption valid. Act No. 31 of 1872, p. 79; Suc. of Depre, 116 La. 1090, 41 South. 324.

[4] The mother is not before the court in this proceeding, nor do the respondents assert any rights as her agents, but they rely solely upon the act of adoption, together with the alleged fact that they have cared for and raised the child, and upon the further contention that the mother obtained her divorce against the relator on the ground of adultery, and was by that judgment awarded the custody of the child. These matters are not cognizable between the present litigants.

For the reasons assigned, the judgment appealed from is affirmed, at the cost of the appellants.

O'NIELL, J., dissents.

(84. South. 798)