(91 South. 427)

Nos. 24391–24393.

WALKER v. MYERS et ux. (WALKER, Intervener).

WALKER v. WALKER (two cases).

(March 27, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Parent and child** ⊜⊃2(2)—**Father entitled to custody of child as against persons attempting to adopt child with mother's consent.**

Father who had not abandoned child or consented to its adoption, and who had a parent's

natural affection for the child, and had ample funds for the support of the child, *held* entitled to the custody of the child as against persons who had attempted to adopt the child with the consent merely of the mother, and as against mother who had shown herself morally unfit to have the custody of the child, and who had surrendered her right thereto by consenting to adoption; the act of adoption being invalid for failure of father to consent.

**2. Adoption ☞7—Both parents, when living, must consent to adoption unless child has become a "foundling" through abandonment.**

When both parents are living, the consent of both is necessary for the validity of an act of adoption unless they have abandoned the child, and it has in consequence become a foundling, under Civ. Code. art. 213, defining a foundling as a child "whom persons from charity have received and brought up."

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Foundling.]

**3. Appeal and error ☞837(2)—Judgment awarding father custody of child affirmed notwithstanding failure to introduce modification of judgment giving mother custody so as to give custody to father.**

Where father's suit for custody of child against persons adopting child with consent of mother and his suit against mother for divorce were tried before the same judge and involved practically same facts and issues as the hearing on the father's rule requiring mother to show cause why decree rendered in her separation from bed and board suit should not be modified so as to award custody of child to father because of adultery and because she had surrendered her right by its adoption, and the three suits were submitted in the Supreme Court as constituting one case, that the judgment on the rule giving the father custody of the child was not offered in evidence during the trial of the consolidated suits by father for custody of child and for the divorce, in which custody of child was given to father, *held* not to require Supreme Court to reverse judgment awarding father custody in suit against persons who claimed to have adopted child.

**4. Parent and child ☞2(4)—Award of custody of child largely discretionary with court.**

The matter of awarding, the custody of a child is largely in the discretion of the court.

**5. Appeal and error ☞1108—Judgment awarding father custody of child rendered before modification of decree awarding custody to mother not reversed.**

Where father's suit for custody of child against persons who had attempted to adopt child merely with consent of the mother and his suit against the mother for divorce on the ground of misconduct were tried before the same judge and involved practically the same facts and much the same issues as the hearing on the father's rule requiring mother to show cause why decree rendered in her separation from bed and board suit should not be modified so as to award the custody of the child to the father on the ground that wife had committed adultery and had surrendered her right to the custody of the child by consenting to its adoption, and the three suits were argued and submitted in the Supreme Court as constituting practically one case, the fact that the judgment in the separation from bed and board suit awarding custody of child to mother had not been modified at the time of the suit for custody of child *held* not ground for reversal of judgment in suit for custody of child awarding custody to father, where the Supreme Court determined appeal from such judgment at the same time as appeal from judgment granting husband a divorce on the ground of adultery and appeal from judgment on the rule awarding father custody of child, and concluded that the mother was not a fit person to have custody of the child.

**6. Husband and wife ☞299½—Statute as to awarding custody of children on separation held not applicable when a change in the situation compels the taking of a new action.**

Civ. Code, art. 157, providing that in cases of separation the children shall be placed under the care of the party who obtains the separation unless the judge shall, for the greater advantage of the children and with the advice of the family meeting, order some or all to be intrusted to the care of the other party, *held* applicable merely when the court is called upon originally to assign the custody, and not when a change in the situation compels the taking of new action.

Appeal from Thirteenth Judicial District Court, Parish of Rapides; Jas. Andrews, Judge.

Consolidated actions by Eva Walker against Whittington Walker, in which defendant filed a rule requiring plaintiff to show cause why decree therein rendered should not be modified so as to award defendant custody of child previously awarded plaintiff, by Whittington Walker against Pearley Myers and wife, in which Eva Walker intervened, and by Whittington Walker

against Eva Walker. Judgments for Whittington Walker in the three suits, and the other parties appeal. Judgments affirmed.

Blackman & Overton, of Alexandria, for appellants.

Cecil L. Whitehead, of Alexandria, for appellee.

By Division A, composed of Chief Justice PROVOSTY, and Justices OVERTON and LECHE. (Note.—In this case, Mr. Justice OVERTON recused himself, and Mr. Justice ST. PAUL, of Division C, sat in his stead.)

PROVOSTY, C. J. The two principal actors in these three consolidated suits, Whittington Walker and Eva Walker, were married in December, 1916, she being then 16 years old. He was a sawmill or lumber camp laborer, and she an orphan who had been raised by an uncle, who, too, was a sawmill or lumber camp laborer. They do not seem to have lived together happily, for he sought several times, unsuccessfully, to separate from her, she refusing to consent. In March, 1919, he abandoned her, for reasons which will hereinafter appear, and went to Texas without letting her know whither he had gone, leaving with her their 3 year old girl child, Mattie. She went back to live with the uncle and aunt who had raised her, and one year and three months thereafter, on June 7, 1920, brought suit in separation from bed and board on the ground of cruel treatment. The husband being still in Texas, she, not knowing of his whereabouts, caused a curator ad hoc to be appointed to represent him, and the suit was conducted contradictorily with this curator ad hoc; and in 11 days, on June 18, 1920, judgment was rendered, decreeing the separation, and awarding her the custody of the child. A few days thereafter she left the home of her uncle, in order not to be longer a burden upon him, he being very poor, and went to live with the defendants in one of these suits, Pearley My-

ers and his wife. And a few days later, on July 5, 1920, she and the two Myers (who for some time already had been desirous of adopting the child, Mattie, they being childless) went to Alexandria, the county seat, and there executed before a notary public an act by which the Myerses adopted the child. She then, after having unsuccessfully sought for employment in Alexandria, went to Texas, and there secured a position in a studio, and later as cashier in a restaurant. On learning of this adoption, Whittington Walker, the husband, brought this suit against Mr. and Mrs. Pearley Myers for the possession of the child. He alleged that, by consenting to the said act of adoption whereby the child was transferred forever to the Myerses, his wife had lost her right of custody given her by the judgment in the suit in separation from bed and board, and that, moreover, by improper and lewd conduct on her part, she had forfeited her said right, "all of which will be more particularly shown in the divorce suit to be filed by your petitioner against his said wife"; and he alleged further that he, as father of the child, was entitled to its custody, the adoption being null, for the reason that one of the parents of the child had not consented to it. On the same day, September 18, 1920, he filed his divorce suit against his wife, alleging acts of misconduct. On October 8, 1920, the Myerses filed their answer. They admitted that the mother of the child had, by consenting to the adoption, and transferring the child forever to them, forfeited the right to its custody which the judgment of court had given her, but averred that plaintiff himself had forfeited his own rights to the custody of the child by his abandonment of the child when he went to Texas, and that, moreover, he had from that time failed to contribute towards its support, and that, its mother being unable to provide for it, it was in the situation of a foundling who could be adopted without the consent of par-

ents. The divorce suit and the suit for the custody of the child were consolidated and tried together.

Whittington Walker's reason for abandoning his wife was that, coming home in the middle of the night unexpectedly to her, he saw a man hurriedly escaping from the house. Nothing shows that he had not a parent's natural affection for his child, or that he ever had the slightest idea of abandoning it. The trial judge believed, and we see no reason for disbelieving, the testimony of Walker and that of his brother and the latter's wife that he furnished this brother with ample funds for the support of the child, and that tender of this support was made to the mother of the child, and rejected.

[1, 2] Upon these facts the only possible judgment that could have been rendered under the said pleadings would have been to give the custody of the child to the father, for, when both parents are living, the consent of both is necessary for the validity of an act of adoption (State ex rel. Birch v. Baker, 147 La. 319, 84 South. 796), unless they have abandoned the child, and it has in consequence become a foundling (C. C. 213), and, as a matter of course, custody of the children of the marriage must belong to the father in the absence of any right on the part of the mother.

But on October 13, 1920, on the third day of the trial of the case, the Myerses filed pleas of res judicata and no cause of action, founded on the judgment in the separation from bed and board suit; and on the same day the wife filed an intervention, alleging her right to the custody of the child under said judgment, and alleging, further, that the father had abandoned the child, and pleading that, if the Myerses did not have the right to the custody of the child by virtue of the act of adoption, they had it as her agents.

On the next day, October 14, 1920, the trial was continued on the pleadings as thus amended, and the taking of evidence was concluded, and the case was "laid over" for argument.

On that same day, October 14, 1920, the plaintiff, Whittington Walker, filed a rule in the separation from bed and board suit, alleging that his wife had committed acts of adultery both before and after the institution by her of said suit in separation, and was therefore an unfit person to have the custody of said child, and alleging further that she had consented to the act of adoption, and thereby surrendered to strangers her rights to the custody of the child, and asking that the judgment granting her this custody be modified so as to award the custody to him.

The wife, defendant in rule, was ordered to show cause on October 21, 1920, why the prayer of the rule should not be granted.

On that day the rule was tried, and judgment rendered as prayed.

On that same day the argument was had in the consolidated suits; and judgment was rendered in both in favor of the plaintiff, Whittington Walker.

Whether the motion for rule was filed before or after conclusion of the taking of evidence in the consolidated suits does not appear.

[3, 4] The judgment on the rule was not offered in evidence in the consolidated suits.

But that circumstance is of little moment, we think, in view of the fact that the matter involved is the custody of a child, largely in the discretion of the court, and in view, further, of the fact that the three suits were before the same judge and involved practically the same facts and very much the same issues, for which reason they have been argued and submitted in this court as constituting practically one case.

[5] The learned counsel for the Myerses and Eva Walker contend that the right of Whittington Walker to the custody of the child must be determined as of the time when his

suit was filed, and that at that time the judgment in the separation from bed and board suit awarding this custody to Eva Walker had not been modified and was conclusive; that this judgment could not be collaterally attacked; that, moreover, no allegation was made in the consolidated suits of its having been modified; and that such an allegation, if attempted to be made, could not have been allowed, as it would have changed the substance of the demand after issue joined, and, indeed, after the trial of the case had been well-nigh completed.

The legal propositions here advanced are all sound, and therefore such a contention would ordinarily have to be sustained; but, for the same reasons given hereinabove why the nonintroduction in evidence of the judgment in the rule to modify the judgment in the separation suit was said to be unimportant, we think the present contention must be rejected. This court having reached the conclusion, as the learned trial judge did, that Whittington Walker is entitled to a judgment of divorce on the grounds stated by him, and that Eva Walker is an unfit person to have custody of this little girl, and that the judgment in the separation from bed and board suit was properly modified in the matter of allowing this custody to Eva Walker, of what earthly use would it be to sustain said contention and relegate this father to a renewal of his suit for the possession of his child? A precedent for disregarding mere technicalities in a suit of this kind is found in the case of State ex rel. Bush v. Trahan, 125 La. 312, 51 South. 216, where a father who had obtained a judgment against his wife granting him a divorce and awarding him the custody of the child of the marriage suffered a long time to elapse without exercising his rights under the judgment, and then sued his wife for the possession of the child, basing himself upon the judgment; and the court rejected his demand, saying:

150 LA.—32

"The right given to one or other of the spouses, by the judgment of court granting a judgment of separation from bed and board or a judgment of divorce, to have the care and custody of the children of the marriage, is not an irrevocable decree. It is subject to modification at any time by changes in the existing conditions. What may have been right and proper under conditions yesterday may become all wrong by situations as existing to-day, and what should be done in the premises is submitted greatly to the discretion of the judge acting advisedly under all the circumstances of the case, when the matter is submitted to him for decision; and among the most important circumstances to be considered by him is the welfare and happiness of the child."

Counsel also contend that, by reason of article 157 of the Civil Code, the custody of the children of the marriage cannot be given to that one of the spouses against whom a judgment in separation from bed and board has been granted, without a family meeting having first been consulted. The said article reads:

"Art. 157. In all cases of separation the children shall be placed under the care of the party who shall have obtained the separation, unless the judge shall, for the greater advantage of the children, and with the advice of the family meeting, order that some or all of them shall be entrusted to the care of the other party."

[6] We understand this article to have application to the situation when the court is called upon originally to assign the custody, not to when a change in the situation compels the taking of new action. The question then presented is not as to which one of the spouses the custody shall be given to, but is as to whether it shall be allowed to the parent or to a stranger. On the latter alternative, if the parent is not unworthy, there can be no occasion for consulting a family meeting. In the present case we find nothing going to show unworthiness on the part of Whittington Walker.

Coming to the act of adoption, it could be valid only if Whittington Walker had abandoned the child, and thereby had forfeited

his right to participate in the adoption proceedings; and we do not find that this was the case. Both parents must consent to the adoption (State ex rel. Birch v. Baker, 147 La. 319, 84 South. 796), unless the child be a foundling; and a foundling is a child "whom persons from charity have received and brought up" (C. C. 213), or a child whom the parents have abandoned (Succession of Dupre, 116 La. 1090, 41 South. 324).

On the question of divorce, we do not know that a recital of the testimony would serve any useful purpose. The question is simply as to whether the witnesses for plaintiff are to be believed or not. The trial judge believed them, and, after a careful consideration of the evidence in the case as a whole, we are impressed in the same way.

The judgments in the three suits are affirmed.

OVERTON, J., recused.
ST. PAUL, J., concurs in the decree.