(92 South. 124)

No. 24609.

**STATE ex rel. HARNER et ux. v. KARPE et ux.**

(April 24, 1922. Rehearing Denied by Division B May 29, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Adoption** 20—**Has only such effect as is given by statute.**

Adoption, being a matter of statutory law, has only such legal effect as the statute of its creation attributes to it.

2. **Habeas corpus** 99(3)—**Welfare of child whose custody is involved is predominant consideration.**

In habeas corpus by persons adopting a child in another state, in which the child's father lived at the time of his death, to obtain the child's custody from persons adopting him in Louisiana, the welfare of the child must be the predominant consideration.

3. **Habeas corpus** 99(1)—**Custody of child held not to be taken from father's sister and given to mother's sister.**

Where the sister of a boy's father, to whom the father confided his custody in his lifetime, and also by will, was married to one of the leading dentists of a city, who was a man of wealth, and they had no children of their own, and were sending the boy to school, and were attached to him, while the present financial ability of the mother's sister to provide for the child, or her husband's financial standing or employment, or whether they had any children, were not shown, the custody of the child should not be taken from the father's sister and given to the mother's sister.

4. **Evidence** 43(2)—**Will contained in record noticed though not offered in evidence.**

In habeas corpus involving the custody of a child, both of whose parents were dead, where the father's will, expressing the wish that his sister should have the child, is in the record, it will be noticed though not offered in evidence.

Appeal from First Judicial District Court, Parish of Caddo; J. H. Stephens, Judge.

Habeas corpus by the State, on the relation of George Harner and wife, against Dr. A. B. Karpe and wife. From a judgment sustaining the writ, defendants appeal. Judgment set aside, and application dismissed.

Lewell C. Butler, of Shreveport, for appellants.

Scheen & Blanchard, of Shreveport, for appellees.

By Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.

PROVOSTY, C. J. This is a habeas corpus proceeding at the instance of Mr. and Mrs. Harner, residents of Illinois, who seek to obtain possession of a six year old boy from the defendants, Dr. and Mrs. Karpe, residents of Shreveport, in this state. The child, whose name is Harvard A. Smith, is an orphan, and has no property. Mrs. Harner is the sister of his mother; and Mrs. Karpe is the sister of his father. He was confided to Mrs. Karpe by his father, to be taken care of, and to be brought to Louisiana, because the climate better suited him. This was in October, 1920. The mother was then dead, and the father died a few months later, in March, 1921. Seven days after the father's death, the present petitioners, Mr. and Mrs. Harner, applied to the probate court of the county in Ohio, where the father was living at the time of his death to be allowed to adopt the child, and that court so ordered, and decreed that—

"From the date of this order the said Harvard·A. Smith be and is to all intents and purposes the child of the said petitioners, George W. and Edna O. Harner."

The date of this judgment is March 16, 1921. On the previous day, March 15, 1921, Dr. and Mrs. Karpe had adopted the child in Louisiana.

[1] Adoption, being a matter of statutory law, has only such legal effects as the statute of its creation attributes to it. Whether, therefore, the decree hereinabove transcribed has created a relation of parentage between the said petitioners and this child, we could know positively only by reading the statute of Ohio providing for adoption; and we have not this statute at hand. If such relation has been created, the petitioners stand here as the parents of said child, with such rights to its custody as parents have to the custody of their children.

[2] With this distinction, however: That they are parents by judicial fiat, not by nature, which makes a difference, since the present case is to be decided not so much from technical rules as with a view to the welfare of the child.

Learned counsel for the petitioners have argued the case as if the Ohio judgment, to which full faith and credit must be given, had passed upon the question of the custody of this child. But it has not. That question was not submitted to that court for decision. If it had been, non constat that the custody would not have been given to the present defendants. Indeed the probability is that it would have been, since the future welfare of the child would seem to so require, and, as just stated, the welfare of the child must be the predominant consideration. Ex parte Ryan, 126 La. 450, 52 South. 573; State v. Michel, 105 La. 741, 30 South. 122, 54 L. R. A. 927; 39 Cyc. 1594; State ex. rel. Bush v. Trahan, 125 La. 312, 51 South. 216; Lamar v. Micou, 112 U. S. 452, 5 Sup. Ct. 221, 28 L. Ed. 751; Re Hugh Alderman, 157 N. C.

507, 73 S. E. 126, 39 L. R. A. (N. S.) 988. A case involving guardianship, but in all other respects strikingly like the present, is Woodworth v. Spring, 4 Allen (Mass.) 321.

We do not stop to investigate the interesting point whether such a thing as a double or quadruple adoption is possible—in other words, whether, after this child had been adopted on the 15th by Dr. and Mrs. Karpe, the adoption of it on the 16th by Mr. and Mrs. Harner was possible—but pass to consider the facts.

[3] Mrs. Harner lives in a suburb of Chicago. From the time the child was three months old until November, 1919, the father and mother lived with her, as boarders, but paying, as we gather, only a nominal board. At that time she took care of the child, its mother being an invalid. At or about this last-named date, November, 1919, the mother went to a sanitarium and the father to Ohio to live; and three months thereafter the mother died, and the father then confided the child to Mrs. Karpe, as already stated, and he died, as already stated, in March, 1921. The evidence contains not a word concerning Mr. Harner, or his financial standing or employment; and the only evidence touching Mrs. Harner's ability to provide for the child consists in the statements by her that she "was secretary at the Western Electric Company" during the time her sister lived with her, and that she "quit the position" after her sister's death, "to take care of the baby." Whether she has any children of her own the record does not show.

[4] Dr. Karpe is one of the leading dentists of the city of Shreveport, and is besides a man of wealth. He and his wife have no children of their own. They have been sending the child to the kindergarten school, and are attached to it as if born to them; and the attachment is, doubtless, by this time reciprocal. It was the dying wish of the father that Mrs. Karpe should have the child. That wish was confirmed in his will.

The will was not offered in evidence, but we find it in the record, and in a matter of this kind feel justified in taking notice of it.

The judgment appealed from which maintained the writ of habeas corpus herein is set aside, as well as the said writ, and the present application of the petitioners, George W. Harner and Mrs. Edith O. Harner, is dismissed at their cost in both courts.

Rehearing refused by Division B, composed of Justices O'NIELL, LAND, and BAKER.