No. ———
First Circuit

WALSH v. FORSLUND

(April 1, 1926. Opinion and Decree)

(*Syllabus by the Editor.*)

1. Louisiana Digest—Appeal—Par. 513; Injunctions—Par. 55.

In an injunction suit where there is nothing left to enjoin at the time the case is decided on appeal, a reversal of the judgment appealed from would, therefore, serve no useful purpose and the appeal must be dismissed.

Appeal from the Parish of East Baton Rouge, Hon. Wm. Carruth Jones, Judge.

Action by Mrs. Mary Evelina Walsh against Mrs. Eva Forslund. The defendant ruled the plaintiff into court to show why an interlocutory injunction should not issue to prohibit the execution of the writ of seizure and sale from a judgment refusing to grant an injunction. The defendant has appealed.

Appeal dismissed.

Cross and Moyse, of Baton Rouge, attorneys for plaintiff, appellee.

Taylor, Porter, Loret and Brooks, of Baton Rouge, attorneys for defendant, appellant.

LECHE, J. The questions involved in this case, the sequel to that of Mrs. Fors-

lund vs. Mrs. Walsh decided by this court on March 2, 1926, are very similar to those passed upon in the latter case.

Mrs. Walsh who was the vendor of defendant, obtained on October 16, 1925, an order for executory process on a note of defendant for five hundred dollars, secured by vendor's lien and mortgage on a lot of ground in the City of Baton Rouge. The property was seized and advertised for sale. On November 12, 1925, Mrs. Forslund ruled Mrs. Walsh into court to show cause why an interlocutory injunction should not issue, to prohibit the execution of the writ of seizure and sale on grounds substantially the same as those urged by her in her previous suit against Mrs. Walsh. In the previous suit Mrs. Forslund had sought to set aside the conveyance by which she had acquired the lot of ground, for the reason that Mrs. Walsh did not own the property at the time she conveyed it to her, and for the further reason that the property was also affected with a minors' mortgage when sold to her by Mrs. Walsh. To this rule Mrs. Walsh filed an exception of no cause of action and the proceeding being summary, she at the same time answered the rule. The rule was heard by the trial judge on November 19, and Mrs. Forslund's application for injunction was denied on December 2, on the ground that her application for injunction did not show a cause or right of action.

On November 28, 1925, Mrs. Forslund paid in full the note in suit, interest thereon, and all costs of court. At the same time she made, in the letter addressed to the sheriff and containing the funds to cover the payment, the following reservation: "We make this payment under protest and solely to avoid collection of the claim by the sale of the property seized under the said writ of seizure and sale, which sale has been fixed by you for to-morrow."

On December 11, 1925, Mrs. Forslund took a devolutive appeal from the judgment refusing her application for injunction and that judgment is now before us for review.

In other words, the present appeal presents the question of the correctness of the trial judge's ruling in refusing to grant Mrs. Forslund an injunction against the execution of the writ of seizure and sale obtained by Mrs. Walsh. We are asked by Mrs. Forslund, the appellant, to reverse the ruling of the trial judge and to decide that she is entitled to the issuance of an injunction. On the other hand, it is shown by the record that Mrs. Forslund has paid the note, for the collection of which, the writ of seizure and sale was issued, that the writ was satisfied by the payment of the note, and that there is no further use or necessity for the issuance of the injunction. There is nothing left to enjoin.

The reservation made by her in her letter to the sheriff, cannot destroy the effect of the payment. State vs. Rombotis, 120 La. 162, 45 South. 43; Raines vs. Dunson, 143 La. 322, 78 South. 574. It is therefore obvious that the issue involved in the rule taken by Mrs. Forslund has become a moot question. As said by Chief Justice O'Niell in the case of Peoples Bank vs. Levy, 151 La. 585, 92 South. 124. "A reversal of the judgment appealed from would therefore serve no useful purpose."

We see no alternative to the dismissal of the appeal.

The present appeal is therefore dismissed at the cost of appellant.