143 So.2d 411 (1962)
Melvin GARY, Plaintiff-Appellant,
v.
Louella GARY, Defendant-Appellee.
No. 615.
Court of Appeal of Louisiana, Third Circuit.
July 5, 1962.
Rehearing Denied July 27, 1962.
Certiorari Denied October 9, 1962.
*412 Nathan A. Cormie and Chris J. Roy, Lake Charles, for plaintiff-relator.
Knight & Knight, By Herschel N. Knight, Jennings, for defendant-respondent.
SAVOY, Judge.
In the exercise of our supervisory jurisdiction, we granted writs in the instant case. The case was orally argued by counsel for the parties, and briefs were also filed in support of their respective positions.
Plaintiff filed a suit for separation from his wife on the ground of abandonment, and also prayed for the custody of the children born of the union between him and his defendant wife. Defendant did not contest the suit, and the trial judge, by judgment dated May 8, 1959, granted plaintiff a separation "a mensa et thoro" from his said wife and awarded him the permanent care, custody and control of the children born of the marriage, reserving to defendant wife reasonable visitation privileges.
On June 2, 1961, plaintiff filed a suit for an absolute divorce on the grounds that he and his wife had been living separate and apart since the judgment of separation. He also asked for the continued custody of the minor children born of the union between him and his wife.
The defendant wife filed an answer to the divorce action admitting living separate and apart since the original decree. She asked for the care and custody of the minor children born of the union, stating that she is now employed and feels financially able to resume the custody of her children, and desires them to be with her.
After a hearing in the lower court, the judge granted plaintiff the divorce, but granted the custody of the children to the defendant mother. From this ruling plaintiff applied to this Court for supervisory writs. This Court granted writs and the matter is before this Court for determination.
The district court granted the children to the defendant mother under the provisions of Article 157 of the LSA-Civil Code. This article provides:
"In all cases of separation and of divorce the children shall be placed under the care of the party who shall have obtained the separation or divorce unless the judge shall, for the greater advantage of the children, order that some or all of them shall be entrusted to the care of the other party. The party under whose care a child or children is placed, or to whose care a child or children has been entrusted, shall of right become natural tutor or tutrix of said child or children to the same extent and with the same effect as if the other party had died."
The court stated that under the decisions of the Supreme Court of this state, the court has always granted the custody of young children to the mother unless she is found morally unfit or financially or physically unfit to care for them.
Counsel for appellee contends in this Court that the judgment of the trial court should be affirmed on appeal. He advances substantially the same reasons for his position as those found by the trial court in granting the children to defendant wife.
Counsel for plaintiff-appellant contends that the trial judge was in error in his interpretation of the meaning of Article 157 of the LSA-Civil Code of Louisiana. Counsel states that Article 157 of the LSA-Civil *413 Code is applicable only in the case where custody has not been awarded before to either husband or wife. He argues that once custody has been awarded to a parent, it cannot be changed without some showing by the party desiring to have the custody changed that conditions have changed so that the party granted the children originally should no longer retain custody.
The record reveals that the children, who are of school and church age, in the instant case, are attending school and church regularly; that they are not being neglected; and, that the plaintiff father is providing a good home for them. The record reveals also that plaintiff has had the custody of the children for over three (3) years and that the mother has visited them at infrequent intervals, namely, approximately every three (3) months.
After reviewing the authorities on the subject before this Court, we find that they sustain the position taken by counsel for appellant.
The most recent case on the subject is that of Hanks v. Hanks, (La.App., 1 Cir., 1962 certiorari denied), 138 So.2d 19. In that case, defendant husband was granted a separation from plaintiff wife on the ground of abandonment. He was also awarded the custody of the children. Plaintiff wife, who was defendant in the separation suit, filed suit against her husband for a divorce on the ground of adultery, and also for the permanent custody of the children born of the marriage. She obtained a judgment of divorce on the grounds of adultery, but her demand for custody of the children was denied.
The evidence in the Hanks case, supra, revealed that for a period of approximately 4½ months following the judgment of separation, the wife made no attempt to see the children. They lived with their father and grandmother who took care of them. There was no showing that plaintiff was possessed of better facilities to rear the children. On appeal, counsel contended that under the provisions of Article 157 of the LSA-Civil Code, the mother should be awarded custody of minor children unless it be shown that she is morally unfit or otherwise unsuitable to have their custody. The Court of Appeal held that while the principle of law was correct, it had no application to the situation there presented. The court said:
"The principles and rules to be followed in a case such as this were just recently reviewed by us at length in the matter entitled Gentry v. Gentry, No. 5430 of the docket of this court, handed down December 18, 1961, 136 So.2d 418, wherein we held in a case where custody had once been granted (as here) that:
"`The changes contemplated by law as justification for depriving a parent of custody previously granted by judicial decree, do not solely concern changes in the circumstances of the party seeking custody but equally (if not more important) changes attending conditions affecting the party to whom custody was initially granted. In such instances, the party requesting a change in custody must establish not only his or her ability to provide for the child but also show that because of material changes which have occurred since the initial decree the best interest and welfare of the child has been placed in jeopardy and, therefore, in the interest of the child's welfare revision of the initial judgment is warranted.'"
The cases cited by counsel for plaintiff and defendant are all cited in Gentry v. Gentry, supra, and they all sustain the position taken by counsel for appellant in the instant case.
The trial court also allowed defendant alimony for herself and her minor children. Since we have determined that plaintiff is entitled to the custody of the minor children, he will not have to pay alimony for their support. The defendant is *414 not entitled to alimony for herself for the reason that she was at fault when her husband obtained the decree of separation, and the trial judge granted the parties a final divorce for the reason that the parties had not lived together since the judgment of separation.
Under the provisions of Article 160 of the LSA-Civil Code, the wife may receive alimony after she and her husband have been granted a divorce providing she has not been at fault in the divorce proceeding.
For the reasons assigned, the judgment of the district court is affirmed insofar as it grants a divorce to plaintiff. Said judgment is reversed in all other respects, and judgment is hereby rendered in favor of plaintiff, Melvin Gary, and against defendant, Louella Gary, granting him the permanent care and custody of the minor children born of the marriage, namely, Dearil Dale Gary, Carl Wayne Gary, Gregory Lane Gary, Debora Ann Gary, and Caron Louise Gary, with the right of defendant to visit said children as set forth in the judgment of separation dated May 8, 1959.
Judgment is further rendered in favor of plaintiff and against defendant decreeing him to be free from the payment of any alimony to defendant.
Costs of court in the district court and on appeal are taxed against defendant.
Affirmed in part, reversed in part and rendered.
HOOD and TATE, JJ., dissent and will assign written reasons.
Before TATE, FRUGE, SAVOY, HOOD and CULPEPPER, JJ.
HOOD, Judge (dissenting).
I think the majority has erred in its interpretation of the existing jurisprudence relating to the power of the Court to alter a custody decree. The majority opinion apparently is grounded on two recent decisions rendered by the Court of Appeal, First Circuit: Gentry v. Gentry, 136 So.2d 418; and Hanks v. Hanks, 138 So.2d 19. In my opinion, however, these cases are not authority for the principle of law which has been applied here that a change of custody cannot be effected unless there is a showing that because of material changes since the initial decree the welfare of the child has been placed in jeopardy.
Article 157 of the LSA-Civil Code provides that the parent who obtains the separation or divorce shall have the custody of the children, "unless the judge shall, for the greater advantage of the children," make a contrary order. Under these provisions, the custody of children whose parents have been legally separated or divorced is left largely to the discretion of the trial judge, although his discretion in that respect is not unlimited but is subject to review and control by the appellate courts. The jurisprudence also is established to the effect that the mother's right to the custody of the children, especially when they are of tender age, is paramount to that of the father, and that her right to custody should not be denied unless she is morally unfit or otherwise is unsuitable, and that it is only in exceptionable cases where it is to the greater advantage of the children that their custody be entrusted to the father. See Tullier v. Tullier, La.App. 4 Cir., 140 So.2d 916, and numerous cases cited therein.
The Louisiana Supreme Court has always recognized the wide discretionary powers of the trial judge in matters relating to the custody of children, and in that connection it has stated:
"The award is not irrevocable, but may be altered, in the interests of the children, as occasion may require. Pullen v. Pullen, 161 La. 721, 109 So. 400; In re Brands' Estate, 153 La. 195, 95 So. 603. It may be altered, we think, in a proper case, where, as was the case here, the facts upon which the change is sought to be made were not brought to the attention of the court, and where *415 the court acted, in making the award, under the general rule that the custody should be granted to the one obtaining the separation or divorce, for it is the welfare of the children that is controlling, and not the failure to bring the facts to the attention of the court." Person v. Person, 172 La. 740, 135 So. 225, 227 (1931). See also, State ex rel. Bush v. Trahan, 125 La. 312, 51 So. 216 (1909).
In the Gentry and the Hanks cases, our brothers of the First Circuit did use language that indicates that if custody has once been granted to the father, the Court is powerless to change the custody unless the mother shows a change of circumstances which has rendered the father unfit or unable to care for the child. In both of those cases, however, the appellate court merely affirmed the judgment of the trial court in awarding custody to the father under the circumstances presented in each of those cases. In the Gentry case, however, the Court specifically recognized the principle that in cases involving custody of children much discretion is allowed the trial judge, and that his judgment in such matters will not be set aside except where there is a clear abuse of discretion. In that case, for instance, the Court said:
"It is firmly settled in our jurisprudence that a judgment awarding custody of children to one of the parents is not irrevocable but is subject to modification, alteration, change or reversal whenever a change in conditions so dictates in the best interest and welfare of the children concerned. * * *
* * * * * *
"* * * Numerous decisions of the appellate courts have established and reiterated the principle that in cases involving custody of children much discretion is allowed the trial judge and his conclusions and findings in such matters are entitled to great weight and will not be set aside except in cases wherein abuse of the discretion vested in him is clearly indicated. * * *"
In the Gentry and Hanks cases, the First Circuit Court of Appeal relied largely on the decisions rendered in Matheny v. Matheny, 205 La. 869, 18 So.2d 324; Pepiton v. Pepiton, 222 La. 784, 64 So.2d 3; and Decker v. Landry, 227 La. 603, 80 So.2d 91. In each of those cases, however, the Supreme Court, also recognizing the wide discretion vested in the trial court in matters of custody, affirmed the decision of the lower court in permitting the custody to remain with the father. Also, in each case the Court found that the mother was unable or unfit to care for the children. In the Matheny case the mother was financially unable to care for the child, she was attending a nurses' training school and was living in the nurses' quarters. In the Pepiton case the father had obtained an absolute divorce against the mother on the grounds of adultery, the mother had abandoned her three-year old child while her husband was in military service, she had left the State of Louisiana with another man, and she had made no attempt to visit the child after the abandonment, although she had opportunities to do so. In Decker v. Landry the mother had abandoned the children, had shown no apparent interest in them, and in seeking custody she proposed that the children live with her in a trailer a part of each year in New Orleans and the remainder of the year in Detroit. In each of those cases it is apparent that it was to the best interest of the children involved that custody remain with the father and that the trial judge had not abused his discretion in rendering judgment to that effect.
In the Matheny case, after reviewing all of the facts, the Supreme Court said. "Clearly the trial judge did not abuse his discretion." In the Pepiton case the Court used this language:
"It is well settled in the jurisprudence of this court that a judgment granting to either parent the care and custody of a minor child in a decree of *416 divorce is not irrevocable and is subject to modification or change at any time when a change of conditions demands it. As said in State ex rel. Bush v. Trahan, 125 La. 312, 51 So. 216, 219, `* * * what should be done in the premises is submitted greatly to the discretion of the judge acting advisedly under all the circumstances of the case, when the matter is submitted to him for decision; and among the most important circumstances to be considered by him is the welfare and happiness of the child.'
"In a case such as this, the paramount consideration is the best interest and welfare of the child. If a change in custody would be to the best interest and welfare of the child because of a change in conditions, the custody decree previously rendered should be set aside, modified, or changed according to the circumstances."
Finally, in Decker v. Landry, the Court said:
"Aside from our reluctance to upset a judgment of a trial court in divorce matters involving the custody of children, see Sampognaro v. Sampognaro, 215 La. 631, 41 So.2d 456, we have no hesitancy, under the facts of this case, in approving the conclusion of the court below that the environment and living conditions to which the children would be subjected by a change of custody `would not be conducive to their best interests'."
In the recent case of Tullier v. Tullier, supra, the father had been awarded temporary custody of his three minor children in February, 1958, by court order issued in connection with a divorce suit which the father had instituted. In 1959, he filed a second suit for divorce, having abandoned the first one, on the ground of having lived separate and apart from his wife for two years. The mother answered the second suit admitting the separation, and alleging that although she desired the permanent custody of her three minor children, she was willing to allow the father to have custody temporarily because she did not then possess adequate living facilities with which to care for the children. The judgment of divorce granted the father the temporary custody of the children and reserved to the mother the right to later demand the permanent custody. In September, 1960, the mother filed a rule seeking custody, and showed that she could then provide a good home for the children. The evidence established that the children were happy with the father and were being well cared for by him. The district court denied her request, basing its decision largely upon the cases of Pepiton v. Pepiton and Decker v. Landry, supra. The Court of Appeal, Fourth Circuit, however, reversed the judgment of the trial court, basing its decision on the general rule that the mother's right to the custody of the children is paramount to that of the father, and that such rights should not be denied unless she is morally unfit or otherwise unsuitable. In the Tullier case the Court said:
"We do not think that the law contemplates merely because the father, who, under our jurisprudence, should be awarded custody of the children only in exceptional cases, has been given temporary custody because of the wife's then inability to take care of her children solely for economic reasons that it should follow that she should forever be denied the right to have their permanent care and custody unless she is able to make a showing that the children are unhappy and not well taken care of or that their lot would be better with her. Our jurisprudence teems with cases wherein the mother who was forced by reasons of temporary conditions to allow the father to have the children was permitted to reclaim them when she attained the ability of caring for them. It may be true in this case that the children might know their father better because of the three years they have been in his custody, but that circumstance does not *417 constitute a reason for denying their custody to the mother. Unfortunately, until recently, she was in no position to claim them. We are unable to conclude that it would be to the greater advantage of the children to leave them with the father. Young minds respond readily to influences such as love, association and environment, and we cannot believe a change in custody would adversely affect the children's welfare."
It seems to me that the decision rendered by the Court of Appeal, Fourth Circuit, in the Tullier case is in direct conflict with the decision rendered by the Court of Appeal, First Circuit, in the Hanks case with reference to the authority of a trial court to alter a judgment of custody upon a showing of changed conditions. The rule applied in the Tullier case, I think, is consistent with the established jurisprudence of this State and is more logical and just than is the hard and inflexible rule which was applied in the Hanks case.
In my opinion, the judgment originally rendered in this case, awarding the custody of the minor children to the father, is not irrevocable and it is subject to modification, that the mother has shown a substantial change in circumstances since that decree was rendered, and that there has been no showing that the trial judge abused his discretion in awarding her the custody of her children. I cannot agree with the conclusions reached by the majority that the court is powerless to change the award of custody previously made to the father unless the mother establishes that there has been a material change since that decree was rendered which renders the father unable or unfit to care for the children or such as to place in jeopardy the best interest and welfare of the children. At the time the original decree was rendered, Mrs. Gary was unable to care for her children. The evidence shows that there has been a change of circumstances since that time and that she is now able to do so. Under those circumstances it appears to me that there was no abuse of discretion on the part of the trial judge in recognizing her paramount right to the custody of her children.
For these reasons I respectfully dissent from the decision rendered in this case.
TATE, J., concurs in the views expressed in the dissenting opinion.

On Application for Rehearing.
En Banc. Rehearing denied.
HOOD and TATE, JJ., are of the opinion that a rehearing should be granted.