CULPEPPER, Judge.
This is a child custody case. The plaintiff mother seeks by rule to change a prior custody order in favor of the defendant father. From an adverse judgment, the mother appeals.
The general facts show that plaintiff and defendant were married in 1953. They have two children, Daniel Paul Craft, now 6 years of age, and Benjamin C. Craft, III, now 9 years of age. For the last several years Mr. and Mrs. Craft have lived in Lafayette, Louisiana, where he is a drilling engineer for a concern which drills oil wells. He earns about $1200 a month.
On October 16, 1963, Mrs. Craft filed a suit for separation from her husband on the grounds of cruelty. She prayed for and was granted, by ex parte order, the temporary custody of the children during the pendency of her suit. On January 13, 1964,. Mr. Craft filed an answer denying any cruelty, and a reconventional demand for absolute divorce on the grounds of several alleged acts of adultery by Mrs. Craft. He also alleged that on November 15, 1963 Mrs. Craft had voluntarily given him custody of *759 the children and he prayed for permanent custody. At the trial of the case, on January 23, 1964, Mr. Craft introduced the testimony of two private investigators, proving several acts of. adultery between Mrs. Craft and a certain man during November of 1963. Mrs. Craft introduced no evidence whatever. A stipulation was then entered in the record that Mr. Craft have custody of the children. Judgment was rendered granting Mr. Craft an absolute divorce and custody.
About 8 months later, on October 8, 1964, Mrs. Craft filed the instant rule to change the prior judgment and award her permanent custody of the children. At the trial of this rule, Mrs. Craft freely admitted her adulterous conduct during the period of the separation and divorce proceedings, but she testified this was the only such episode in her life and that it was the result of certain mental problems which she is unable to explain. The evidence does show that within a few days after the divorce decree, on January 23,1964, Mrs. Craft returned to her home in Baker, Louisiana, where her parents made arrangements for her to enter a mental hospital in New Orleans. She remained there under psychiatric care 20 days. Her treating psychiatrist, Dr. Alvin Cohen, testified she did have a serious psychotic condition but that, following treatment in the hospital, she recovered and is now functioning satisfactorily. In September of 1964, Mrs. Craft started teaching school in Covington, Louisiana, where she is still living and has rented an apartment to which she proposes to take the children.
It is not necessary for us to discuss In detail the other evidence introduced at the hearing. The record fully supports the conclusions reached by the trial judge in his well considered written opinion as follows:
“The Court is satisfied that the husband is fully capable of caring for these children with the help of his mother who lives with him and the children, and who supervises the rearing of these little ones. There was no substantive showing, other than prejudicial self-serving statements ,by the wife against the mother-in-law, that the father was not capable of having custody or that it was to the children’s best interest that they be taken away from him.
“It is well recognized in our jurisprudence that the adultery of the mother is not always conclusive of her moral unfitness to have custody of her children, however, in the case at bar, we consider not only the wife’s adulterous conduct affecting her moral stability but also the question of her emotional and mental instability affecting her ability to rear these children. The record indicates that the mother has had emotional problems, apparently intermittently since the inception of the marriage in 1953. She sought psychiatic help when she and her husband lived in the town of Eunice, Louisiana, later she sought psychiatric help from two psychiatrists in the City of Lafayette, and, of course, she received psychiatric treatment in New Orleans by a psychiatrist and was treated at DePaul Hospital, a mental institution in New Orleans shortly after the divorce.
jfc * if! * * *
“There is no doubt in the Court’s mind that the wife in these proceedings has had serious emotional and mental problems. It is uncertain, according to Dr. Cohen, that her problems will not reoccur.”
On appeal, a legal issue argued at length is whether this case falls within the jurisprudence that a mother, seeking to change a prior custody order, has the “double burden” of proving (1) that because of changed conditions she is now fit and able to care for the children and (2) that the conditions of the father’s care are detrimental to the children’s best interests. See Wells v. Wells, La.App., 180 So.2d 580 (3rd Cir. 1963) for a review of this jurisprudence. Plaintiff in rule argues that the “double burden” should not be applied here because the original custody order was based solely *760 on a stipulation between the parties rather than on a full trial of the custody issue.
The trial judge decided the “double burden” does apply here, because the prior custody order was based on the proven moral unfitness of the mother, rather than on the stipulation alone. However, our brother below stated that even if the “double burden” does not apply, the result should be the same.
We find it unnecessary to consider whether the “double burden” applies. Although the evidence reflects that the mother’s adulteries were the result of a temporary psychosis from which she is now cured after treatment, we are reluctant to disturb the ruling of the trial court that the best interests of the children are served by the continued custody of their father. The trial court, which sees and hears the witnesses, is in a better position than is an appellate court to evaluate the nuances to testimony and the atmosphere of the family situation involving interaction of the characters of the parties. Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955). Sufficient doubt is cast by the testimony on the mother’s mental stability, so soon after her most recent psychotic interlude, as to furnish ground for the trial court’s conclusion that a change of the children’s custody to their mother is not in their best interest. The children are presently receiving excellent care with their father. Under all these circumstances, we will not disturb the trial court’s ruling on this custody question.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff in rule, Mrs. Carolyn Daniels Craft.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.