HOOD, Judge
(concurring).
I concur in the result reached by the majority for two reasons. First, the evidence establishes that it is to the best interests of the children that they remain in the custody of the father. And, second, the trial judge has much discretion in awarding or changing the custody of a child whose *186 parents have been legally divorced, and his conclusions are entitled to great weight. LeBlanc v. LeBlanc, 194 So.2d 122 (La. App. 3d Cir. 1967); and Craft v. Craft, 184 So.2d 758 (La.App. 3d Cir. 1966). In the instant suit the trial judge clearly has not abused that discretion.
I, however, do not agree with the dictum which the majority has volunteered by way of a footnote to the effect that an applicant requesting a change or modification of the custody of children is saddled with a “double burden” of proof, in that he or she is required to prove (1) that the environment is which the children are living is detrimental to their welfare, and (2) that the applicant is able to provide a more suitable environment. I agree that these are two elements of proof which may and should be considered by the court in determining whether a change or modification of the custody should be decreed, but they are not controlling, and many other factors, including the preference given to the mother, should be considered. The ultimate test to be applied after considering all of the facts is: Would the best interests of the child be served by changing or modifying the original custody decree?
Some of the reasons why I feel that there is no basis in law or jurisprudence for the so-called “double burden” of proof rule are set out in my dissent to the majority opinion rendered in Gary v. Gary, 143 So.2d 411 (La.App. 3d Cir. 1962). For those reasons I disagree with the dictum which was inserted gratuitously by the majority in the instant suit.
In a case where the evidence shows that the best interests of the child would be served by changing the custody, I am confident that neither this court nor any other court would permit its hands to be tied and justice defeated by a cold, hard, mechanical and unjustifiable rule such as the one which has been suggested by way of dictum in the majority opinion.