HAWTHORNE, Justice.
 

 Mrs. Esther Albano Miraya, former wife of Philip Pepiton, has appealed from a judgment dismissing a rule- in which she sought the permanent care and custody of her minor child, Neolia Phillis Pepiton.
 

 On May 13, 1946, Philip Pepiton, father of the child, obtained a divorce from the appellant on the ground of adultery and was awarded the permanent care and custody of their minor child. According to the allegations of his petition filed in the divorce proceedings, appellee was discharged from the military service in February, 1946, and upon his return to New Orleans he learned that his wife had abandoned their child, who was then three years old, and had left Louisiana with a man whom - he named therein. The petition charged the appellant with numerous acts of adultery.
 

 The minor child whose custody was' awarded to her father lived with him in New Orleans after the judgment of divorce in 1946. Notwithstanding the fact that Mrs. Pepiton returned to1 New Orleans in October of 1946 and again in January of 1947, she showed no concern for her daughter. In M'ay of 1947 she remarried and is nowliving in New Orleans with her hus-.
 
 *787
 
 band and the two children of that marriage. She evidenced no interest in Phillis until December, 1949, when the original judgment awarding the care and.custody of the child to the father was amended ‘by consent to permit her the right of visitation. In that same month, the appellee, who also had remarried, moved with the child and his second wife to Cottonport in the Parish of Avoyelles, Louisiana.
 

 In July of 1950, appellee permitted the child to visit her mother. The mother, having gained possession of the child, refused to surrender her to the father although he attempted to regain custody of the child and even sought to have the mother adjudged in contempt of court for refusing' to deliver the child to him. In August of 1950, the mother instituted these proceedings seeking to have set aside the original judgment awarding the custody of the child to the father, and praying that she. be awarded the permanent care and custody of the child.
 

 It is well settled in the jurisprudence of this court that a judgment granting to either parent the care and custody of a minor child in a decree of divorce is not irrevocable and is subject to modification or change at any time when a change of conditions demands it. As said in State ex rel. Bush v. Trahan, 125 La. 312, 51 So. 216, 219,
 
 “ *
 
 * * what should be done in the premises is submitted. greatly to the discretion of the judge acting advisedly under all the circumstances of the case, when the matter is submitted to him for decision; and among the most important circumstances to be considered by him is the welfare and happiness of the child.”
 

 In a case such as this, the paramount consideration is the best interest and welfare of the child. If a change in custody would be to the best interest and welfare of the child because of a change in conditions, the custody decree previously rendered should be set aside, modified, or changed according to the circumstances.
 

 We do not think that appellant has shown any change of conditions which would warrant setting aside the judgment previously rendered awarding the custody of the minor child to the father. Although appellant argues that the child was neglected and unhappy while in her father’s care, she has failed to prove these contentions.
 

 Appellant also argues that the mother is entitled to her child unless her moral unfitness is proved at the time she seeks custody. In support of this • contention she cites numerous authorities in which this court has stated that in a contest between husband and wife for the custody of a child the mother is always preferred to the father unless she is shown to be morally unfit or otherwise unsuitable. The cases in which this statement was made did
 
 not
 
 involve the modification or change of a decree previously rendered awarding the custody to the father. Moreover, in all cases the para
 
 *789
 
 mount consideration is the 'best interest and welfare of the child, and the statement of the court in those cases meant no more than that it was to the best interest and welfare of the child to be in the care of the mother unless she was shown to be morally unfit or otherwise unsuitable.
 

 For the reasons assigned, the judgment appealed from is affirmed at appellant’s costs.
 

 FOURNET, C. J,, absent.