136 So.2d 418 (1961)
William S. GENTRY
v.
Elizabeth Owen GENTRY.
No. 5430.
Court of Appeal of Louisiana, First Circuit.
December 18, 1961.
*419 France W. Watts, Jr., Hillary Crain, Franklinton, for appellant.
Rester & Branch, Bogalusa, for appellee.
Before LOTTINGER, LANDRY and REID, JJ.
*420 LANDRY, Judge.
This is a custody suit in which a mother seeks to regain control of her three-year old son from her estranged husband who previously was granted custody of the child in an action wherein the husband obtained a separation from bed and board.
The sole issue involved herein is which parent is presently entitled to custody of the child. The trial court awarded custody to the father and from said judgment the wife has taken this appeal. In the interest of clarity appellant Elizabeth Owen Gentry will sometimes hereinafter be referred to as "plaintiff" and appellee, William S. Gentry, will sometimes hereinafter be designated as "defendant".
The chronology of events culminating in this present litigation commenced June 11, 1960, on which date defendant obtained a judgment a mensa et thoro from plaintiff on the ground of abandonment and which said judgment also awarded defendant custody of the three year old child, Patrick Bryan Gentry, issue of the marriage between plaintiff and defendant. Custody of Monica Dianne Gentry, age 9, (also issue of the marriage between these present litigants), was awarded plaintiff.
On application of plaintiff a rule nisi issued January 3, 1961, ordering defendant to show cause January 17, 1961, why defendant should not be relieved of custody of his minor child, Patrick Bryan Gentry, and custody of said child awarded plaintiff. After hearing the matter, the learned trial court dismissed plaintiff's application and rejected her claim to custody on the ground plaintiff failed to show a material change of conditions warranting a setting aside of the former judgment awarding custody of the child to defendant.
Able counsel for plaintiff contends that in so decreeing the esteemed trial judge erred in (1) imposing upon plaintiff the burden of proving a greater degree of change than the law requires of a party requesting modification of an antecedent custody award; and (2) in failing to find as a fact that sufficient changes were shown to justify removal of the child from defendant's custody and placing him in plaintiff's care.
In support of his position able counsel for plaintiff relies upon certain well established principles of law with which this court is thoroughly in accord. We do not, however, endorse, embrace or adopt all of counsel's conclusions as hereinafter set out.
It is firmly settled in our jurisprudence that a judgment awarding custody of children to one of the parents is not irrevocable but is subject to modification, alteration, change or reversal whenever a change in conditions so dictates in the best interest and welfare of the children concerned. Tate v. Tate, 169 La. 862, 126 So. 218; Loeb v. Shanton, 168 La. 874, 123 So. 604; Pullen v. Pullen, 161 La. 721, 109 So. 400.
Likewise, it is well settled that modification of an award of custody of a child is justified when a change in conditions requires such modification in the best interest and welfare of the child. Person v. Person, 172 La. 740, 135 So. 225.
Ample precedent exists for the principle that a mother has paramount right to custody of her children and will not be deprived thereof unless proven morally unfit and further that it is presumed the best interest and welfare of a child will be served by placing the child in the custody of its mother. Sampognaro v. Sampognaro, 215 La. 631, 41 So.2d 456.
Predicated upon the foregoing well established rules governing determination of custody of children, learned counsel contends the law of this state holds to the effect that to justify modification of a custody decree requested by the mother of the child involved, the mother need establish only her capability of properly caring for the child whereupon the burden then shifts to the party having custody and the latter *421 must then show the best interest and welfare of the child will be promoted by the child remaining in the status quo. Counsel further reasons that under such circumstances if the party previously awarded custody cannot affirmatively show the best interest of the child will be served by denying the requested change then the mother is entitled to custody under the jurisprudence which establishes the aforesaid presumption in her favor. Finally, counsel submits his position is well founded in general (on the basis of the hereinabove cited decisions) and more particularly so in the instant case considering that custody herein was awarded defendant by agreement between the parties, therefore, (according to counsel for plaintiff) the judgment in favor of defendant was not predicated upon a factual finding by the trial court but upon an agreement between the parents consequently, to obtain custody all plaintiff need do is establish her ability to properly care and provide for the child.
We believe illustrious counsel for plaintiff has misconstrued the jurisprudence of the courts of this state in one very important respect, namely, his failure to properly evaluate the decisions setting forth the rule that a party seeking modification of a previous custody decree bears the burden of proving a material change in conditions and also proving that present conditions and circumstances are detrimental and inimical to the child's welfare.
In Decker v. Landry, 227 La. 603, 80 So. 2d 91, 92, in refusing a wife's request for modification of a prior custody decree in favor of the husband, the Supreme Court stated:
"At the outset, it is well to point out that the many cases cited by counsel for appellant in support of the contention that the mother is to be preferred in contests involving the custody of children have no application to the situation presented in the matter at hand. This is not a case wherein the parents of the children are initially contesting the right of one over the other to custody. Here, permanent custody has already been awarded to the father by the judgment of separation conformably with the provisions of Article 157 of the Civil Code. And, while that award is not irrevocable, see Pullen v. Pullen, 161 La. 721, 109 So. 400 and cases there cited, also Higginbotham v. Lofton, 183 La. 489, 164 So. 255, being subject to modification at any time when a change of conditions demands it, it is incumbent upon the party requesting the modification to prove that the conditions under which the children are living are detrimental to their interests and further that the applicant can and will provide a good home and better environment if given their custody."
The identical issue involved in the case at bar was also presented in Pepiton v. Pepiton, 222 La. 784, 64 So.2d 3, 4. Therein the mother cited numerous cases in support of the same argument advanced on behalf of plaintiff herein. In disposing of the matter adversely to the contention of the mother, the Supreme Court employed the following language:
"* * * The cases in which this statement was made did not involve the modification or change of a decree previously rendered awarding the custody to the father. * * *"
In yet another case identical with the one at bar a ruling adverse to the contention of plaintiff herein was rendered. We refer to Matheny v. Matheny, 205 La. 869, 18 So.2d 324, wherein a wife sought amendment of a prior custody judgment in favor of her former husband. The Supreme Court of this state, in the Matheny case, supra, affirmed the action of the trial court in rejecting plaintiff's demand and deciding the issue of custody on the basis of present conditions and a lack of a showing of material changes in those conditions upon which the initial custody award was predicated.
*422 The sole authority to the contrary relied upon by counsel for plaintiff, namely, Higginbotham v. Lofton, 183 La. 489, 164 So. 255, 256, is readily distinguishable from Decker v. Landry, Pepiton v. Pepiton and Matheny v. Matheny, supra, as well as the instant matter. In the Higginbotham case, supra, the decision annulling a previous award of custody in favor of the father was predicated on the finding a significant and material change consisting of the moral unfitness of the father had occurred since the original decree. In this regard we cite from the Higginbotham case, supra, the following language noted therein:
"Without going into detail, we are of the opinion that the defendant is not a person of proper moral character to whom the child can be intrusted. This apparently was the conclusion reached by the trial judge, since he gave the custody of the child, alternately, to plaintiff and the great grandparents."
No such finding of moral unfitness on the part of defendant was made by the trial court in the case at bar. Moreover, such a conclusion is not justified by the evidence of record herein. On the contrary, there is not one scintilla of evidence in the record of this case tending to even remotely establish moral turpitude on the part of defendant.
We conclude, therefore, the learned trial court properly held the burden was incumbent upon plaintiff herein to establish material changes incident to the child's environment before a modification of the previous custody award could be decreed.
Plaintiff's claim that modification of the previous judgment was justified by a change of conditions is entirely without merit quoad the record of this case. We deem it advisable to point out that this particular claim is based solely on evidence tending to establish plaintiff's financial ability to care for the child and the affection which the child exhibits and displays toward plaintiff when in plaintiff's company. That plaintiff wishes the return of her child is, of course, understandable and commendable. That the child evidences affection for plaintiff is indicative of proper instruction, guidance, training and example on the part of defendant.
The changes contemplated by law as justification for depriving a parent of custody previously granted by judicial decree, do not solely concern changes in the circumstances of the party seeking custody but equally (if not more important) changes attending conditions affecting the party to whom custody was initially granted. In such instances, the party requesting a change in custody must establish not only his or her ability to provide for the child but also show that because of material changes which have occurred since the initial decree the best interest and welfare of the child has been placed in jeopardy and, therefore, in the interest of the child's welfare revision of the initial judgment is warranted.
We find no merit in plaintiff's contention the award of custody herein was based solely on the agreement of the parties to this litigation. In this regard, we note the record does not indicate the evidence upon which the learned trial court originally acted. In the absence of such evidence, it must be presumed the trial court proceeded upon evidence which convinced him the judgment rendered was in the child's best interest. Numerous decisions of the appellate courts have established and reiterated the principle that in cases involving custody of children much discretion is allowed the trial judge and his conclusions and findings in such matters are entitled to great weight and will not be set aside except in cases wherein abuse of the discretion vested in him is clearly indicated. Messner v. Messner, 240 La. 252, 122 So.2d 90; Decker v. Landry, 227 La. 603, 80 So.2d 91; Sampognaro v. Sampognaro, 215 La. 631, 41 So.2d 456.
*423 The record convinces us that plaintiff herein has failed to prove that the conditions under which this child is living are detrimental to his interests; neither has plaintiff proven that she will provide a better environment if awarded custody.
Affirmed.