138 So.2d 19 (1962)
Mattle Babin HANKS
v.
Alvin E. HANKS.
No. 5581.
Court of Appeal of Louisiana, First Circuit.
January 29, 1962.
Rehearing Denied March 7, 1962.
Certiorari Denied April 12, 1962.
*20 D'Amico & Curet by Sam D'Amico, Baton Rouge, for appellant.
McCollister & Belcher by Rolfe McCollister, Baton Rouge, for appellee.
Before LOTTINGER, LANDRY and REID, Judges.
LOTTINGER, Judge.
This is an action wherein Mattie Babin Hanks, plaintiff-appellant, seeks a divorce based on the grounds of adultery against defendant-appellee, Alvin E. Hanks. In the same action plaintiff prayed for the temporary custody and, in due course, the permanent custody, of the minor children born of the marriage, namely Alvin Vern Hanks, age eight, Sharee M. Hanks, age five, and Beckie Ann Hanks, age four. Alimony in the amount of $350.00 per month was also sought for the support of plaintiff and the children.
Following trial on the merits judgment was rendered in favor of plaintiff granting her a divorce as prayed for but denying her the custody of the children and alimony.
While there is some dispute as to some of the factual matters presented, there is no real dispute as to the basic facts revealed by the record upon which a proper disposition of the case rests. They are as follows:
On January 27, 1961, the defendant was granted a separation from plaintiff on the ground of abandonment. In the same action he was granted the permanent custody of the children subject to reasonable visitation by their mother. The latter agreed to the custody on the part of the father by notarial act dated January 19, 1961.
Following the judgment of separation for a period of some 144 days the plaintiff made no serious or concerted effort to see or visit the children. During this period the children lived with their father during the school months and were cared for by his mother. During summer vacation the children stayed with defendant's mother who had a maid employed by defendant. The children were well fed, well clothed and, in general, well cared for in every respect. The child in school attended regularly and did well. They all attended Sunday School regularly. There was absolutely no showing whatever that plaintiff was possessed of better facilities to rear the children or that it would be to their best interest to be placed in the custody of their mother.
The defendant admitted dating several women since the separation. Also admitted was an act of adultery on his part which took place on July 9, 1961, in his home. The children at the time this took place were away at the home of their grandmother.
Counsel for plaintiff pitches his appeal on the proposition that "the mother should be awarded custody of minor children unless it can be shown that she is morally unfit or otherwise unsuitable to have their custody," citing LSA-C.C. Art. 157, Dungan v. Dungan, 239 La. 733, 119 So.2d 843 and other cases so holding. This principle of law, while undoubtedly a correct one, has no application in the situation here presented.
The principles and rules to be followed in a case such as this were just recently reviewed by us at length in the matter *21 entitled Gentry v. Gentry, No. 5430 of the docket of this court, handed down December 18, 1961, 136 So.2d 418, wherein we held in a case where custody had once been granted (as here) that:
"The changes contemplated by law as justification for depriving a parent of custody previously granted by judicial decree, do not solely concern changes in the circumstances of the party seeking custody but equally (if not more important) changes attending conditions affecting the party to whom custody was initially granted. In such instances, the party requesting a change in custody must establish not only his or her ability to provide for the child but also show that because of material changes which have occurred since the initial decree the best interest and welfare of the child has been placed in jeopardy and, therefore, in the interest of the child's welfare revision of the initial judgment is warranted."
In Decker v. Landry, 227 La. 603, 80 So.2d 91, in refusing a wife's request for modification of a prior custody decree in favor of the husband, the Supreme Court stated:
"At the outset, it is well to point out that the many cases cited by counsel for appellant in support of the contention that the mother is to be preferred in contests involving the custody of children have no application to the situation presented in the matter at hand. This is not a case where-in the parents of the children are initially contesting the right of one over the other to custody. Here, permanent custody has already been awarded to the father by the judgment of separation conformably with the provision of Article 157 of the Civil Code. And, while that award is not irrevocable, see Pullen v. Pullen, 161 La. 721, 109 So. 400 and cases there cited, also Higginbotham v. Lofton, 183 La. 489, 164 So. 255, being subject to modification at any time when a change of conditions demands it, it is incumbent upon the party requesting the modification to prove that the conditions under which the children are living are detrimental to their interests and further that the applicant can and will provide a good home and better environment if given their custody."
The identical issue involved in the case at bar was also presented in Pepiton v. Pepiton, 222 La. 784, 64 So.2d 3. Therein the mother cited numerous cases in support of the same argument advanced on behalf of plaintiff herein. In disposing of the matter adversely to the contention of the mother, the Supreme Court employed the following language:
"* * * The cases in which this statement was made did not involve the modification or change of a decree previously rendered awarding the custody to the father. * * *"
See also Matheny v. Matheny, 205 La. 869, 18 So.2d 324.
The record in this case is absolutely devoid of evidence reflecting the occurrence of a material change such as to place in jeopardy the best interest and welfare of the children. The record shows beyond doubt that they were as well cared for when the matter was tried on July 31st and August 1, 1961, as they had been originally. We do not feel the act of adultery on the part of the father such as to render him morally unfit to continue in custody of the children. See Estopinal v. Estopinal, 223 La. 485, 66 So.2d 311.
For the reasons assigned the judgment appealed from is affirmed.
Judgment affirmed.