FRUGÉ, Judge.
This suit was 'brought by Sue Ann R'ay against her husband, Carnell Ray, to gain permanent custody of their three children.
Plaintiff and defendant were married in 1955. Three children were born of the marriage. There were several separations during the marriage. On September 18, 1962, the Ninth Judicial District Court rendered a judgment in favor of the defendant hus-' *556 band granting a decree of separation from bed and board and awarding him the permanent care, custody and control of the three children. Thereafter, plaintiff brought this suit seeking custody of the three children, contending that at the time of the separation judgment she had no opportunity to establish her right to custody of the children because she had received no notice of the suit
The trial judge concluded that the present situation of the children should not be disturbed. From this judgment, plaintiff appeals.
Plaintiff contends' that she, as mother, has a paramount right to the custody of her children and this right should not he denied unless she is morally unfit or otherwise unsuitable. Arguing that there was no proof in the trial court of her unsuitability, plaintiff prays that the judgment of the district court be reversed and that the three children be placed in her custody.
In cases dealing with a change of custody the paramount interest is the best interest and welfare of the child. Pepiton v. Pepiton, 222 La. 784, 64 So.2d 3. In the present case the trial judge found that the best interests of the children would be served by remaining in the custody of the father. The record shows that the defendant father and the children are presently living in the home of his father and mother. He is employed regularly as a log cutter and is making wages which are adequate to support his children. While defendant is working, his mother cares for the children. Defendant’s father and mother are both willing to keep the children in their home, and, did in fact keep the children a great deal of the time when plaintiff and defendant were together.
On the other hand, the trial judge concluded that no such stable situation existed in regard to plaintiff. The record shows that plaintiff and defendant had a difficult marriage and that plaintiff left their home on several occasions without regard to the welfare of the children. Although she was living in the home of her parents at the time of the tidal, she had moved frequently and there was no evidence to show that she was settled in the home of her parents.
 From the above evidence the trial judge concluded that there is no assurance that the plaintiff is settled and that her past conduct raises substantial doubt that she is ready to provide a stable home for her children. In reviewing a decision of a lower court involving the custody of children, reasonable latitude must be left to the trial court and its views are entitled to great weight. State ex rel. Guinn v. Watson, 210 La. 265, 26 So.2d 740. In the present case we cannot say that the trial court abused its discretion. Considering the evidence, the trial judge was well within his discretionary power in not awarding custody of the children to the plaintiff.
For the foregoing reasons the judgment of the district court is affirmed, with plaintiff assessed costs of this appeal.
Affirmed.