TATE, Judge
(concurring in denial of rehearing): In my opinion, the record clearly shows that the mother is completely cured of her psychosis for present purposes ; it is undisputed that she was an excellent mother and a fine and loving parent,, more so than the husband who is absorbed by his work, although he is also of fine character. If this were the first adjudication of custody, I think the mother is clearly entitled to it — her psychosis-caused indiscretions over a short period are not sufficient to deprive her of custody of these young children, to whom she has been at all times a good mother, even during the short period of her psychosis which caused the break-up of the marriage. I am concurring solely on the basis of the jurisprudence of this court that, in view of the earlier adjudication of custody to the father (as a result of a stipulation during the wife’s mental illness), the wife has the “double burden” of proving that the husband’s continued custody is detrimental to the children’s welfare and that the wife can provide a more suitable environment. Gary v. Gary, La.App., 143 So.2d 411; Wells v. Wells, La.App., 180 So.2d 580. The writer disagrees with the arbitrary and mechanically-followed rule enunciated and followed by these decisions, for the reasons therein stated by his brother HOOD and himself; but he feels bound to follow these rulings until such time as they are overruled by the Supreme Court.