SAMUEL, Judge.
This is a rule nisi brought by the mother against the father, her divorced husband for custody of their two minor daughters, Mary Evelyn and Linda Darlene, whose permanent custody had been awarded to the father in the divorce judgment.
After trial of the rule the district court modified and changed the divorce judgment only to the extent of awarding custody of the younger child to the mother. The father has appealed therefrom. The mother has answered the appeal praying that the judgment be affirmed insofar as it awards her custody of the younger child and that it be reversed insofar as it fails to award her custody of the older child.
When the rule was heard during 1965 Mary Evelyn was an 18 year old college student who lived on campus during the school term and Linda Darlene was 13 years of age.
In 1962 Mr. Pickens obtained a judgment of separation from bed and board on the ground of abandonment. He did not seek the custody of the children in that suit, the matter was not contested by Mrs. Pickens and the judgment was taken by default. The divorce was obtained by Mr. Pickens on the ground that more than one year had expired since the date of the separation judgment and no reconciliation had taken place between the parties during that time. The petition for divorce prayed for permanent custody of the two children and the judgment of divorce awarded that custody to Mr. Pickens, the petitioner, as prayed. Mrs. Pickens did not answer the petition for divorce and that judgment also was by default.
The children resided with their mother during the separation and remained in her actual custody for approximately one year after the rendition of the divorce judgment. At that time Mr. Pickens remarried, established a home with his new wife and took the children to live with him. The record indicates he made request of the former Mrs. Pickens for their custody and she complied therewith. The children have continued to live with Mr. Pick-ens and his second wife since that occasion. Appellee filed her rule for custody *685 approximately one year after the children began living with their father.
When the parents of minor children are initially contesting the right of one over the other to custody, the general rule is that the mother’s right to custody, especially when the children are of tender age, is paramount to that of the father and such right will not be denied unless she is morally unfit or otherwise unsuitable; however, in all cases the most important consideration is the best interest and welfare of the children. Drouin v. Hildenbrand, 235 La. 810, 105 So.2d 532; Boatner v. Boatner, 235 La. 1, 102 So.2d 472; Decker v. Landry, 227 La. 603, 80 So.2d 91; Pepiton v. Pepiton, 222 La. 784, 64 So.2d 3; Tullier v. Tullier, La.App., 140 So.2d 916.
While an award of custody is subject to modification or change within the sound discretion of the trial judge, our jurisprudence has established the rule that a judgment awarding the permanent custody of children will not be changed unless the party seeking the change proves: (1) the conditions under which the children are living are detrimental to their best interest and welfare; and (2) that the applicant can and will provide a good home and better environment if awarded their custody. Decker v. Landry, supra; Pepiton v. Pepiton, supra; Wells v. Wells, La.App., 180 So.2d 580; Poitevent v. Poitevent, La.App., 152 So.2d 256; Gary v. Gary, La.App., 143 So.2d 411; Hanks v. Hanks, La.App., 138 So.2d 19; Gentry v. Gentry, La.App., 136 So.2d 418.
Appellant contends the rule just recited is applicable and that Mrs. Pickens has failed to carry the double burden of proof imposed upon her by that rule. Appellee contends the rule has no application in this case for the reason that custody was awarded by default and at the time of the divorce suit she was financially unable to retain an attorney to represent her.
We are not impressed by appel-lee’s proof of the alleged fact that she was unable to retain counsel. At the time of the filing of the divorce suit and thereafter appellee was actively engaged in her own merchandising business and the only proof offered relative to her financial condition is her own testimony that her financial condition was poor due to the fact that her store had been burglarized and the stock was low. But the record indicates there was at that time property belonging to the community which formerly existed between the litigants, particularly the residence in which the couple had lived while they were together. That property was not sold until shortly before Mr. Pickens established a new home with his second wife. Apparently it would have been a simple matter for appellee to obtain the services of an attorney; under our law his fee could have been paid out of the community property. However, we do not attach a great deal of importance to this particular feature of the case. Of primary importance is the best interest and welfare of the children and their need for a stable home life. This we feel is the basis for the rule; changes in custody, other than changes necessitated by conditions which are detrimental to the best interest and welfare of the children, are almost certainly to be contrary to that best interest and welfare. We are of the opinion that the rule is applicable in the instant case.
As the pertinent facts are not in dispute, we find it unnecessary to discuss the testimony in detail. It suffices to say that the record is devoid of any evidence even suggesting that the present environment with their father is detrimental in any way to the children’s best interest and welfare. The evidence, without contradiction, clearly shows the exact opposite. The children are well cared for in every respect. Nor is there any evidence of any substantial change in the condition of either litigant which would affect his or her ability to care for the children. Accord *686 ingly, we must reverse that portion of the judgment appealed from which awards the custody of the younger child, Linda Darlene Pickens, to the appellee.
For the reasons assigned the judgment appealed from is reversed only insofar as it awards the custody of the child Linda Darlene Pickens to appellee, Mrs. Evelyn Maria Hawayek Pickens. The judgment is amended so as to order the dismissal of the rule insofar as the same applies to that child. As thus amended, and in all other respects, the judgment appealed from is affirmed; all costs in both courts to be paid by appellee, Mrs. Evelyn Maria Ha-wayek Pickens.
Reversed in part; affirmed in part.