SAMUEL, Judge.
These are two rules nisi for custody of children. One of the rules was filed by the divorced mother and the other by the divorced father of the children who were born of the marriage. Each parent seeks custody, with the mother, in addition, seeking alimony for child support in the event custody be awarded to her. The children involved are a boy and a girl, respectively 11 and 8 years of age at the time of trial on June 6, 1966. The divorce was obtained by the husband on the grounds of the wife’s adultery and the divorce judgment, rendered on June 17, 1965 and now final, granted custody of the children to their paternal grandmother, who has made no appearance in connection with, and does not contest, a change of custody. After trial there was judgment awarding custody to the father with visitation rights reserved to the mother. The mother has appealed.
In the trial of the divorce suit appellant’s adultery with a named correspondent was proved beyond question and during that trial there was evidence to the effect that she had not taken proper care of the children. However, appellant now contends she has completely disassociated herself from that correspondent, is now living with her mother in a home amply sufficient to raise her children and that she can and will provide them with proper care. Appellee, who has remarried and is now living with his present wife in Houston, contends the evidence submitted during the trial of the rules is to the effect that appellant, even shortly before that trial, had improper relations with a man other than the correspondent involved in the divorce suit and that he, the appellee, and his present wife can and will provide the children with a good home.
Our settled jurisprudence is that the awarding of the custody of children whose parents are divorced is within the sound discretion of the trial judge in accordance with the circumstances existing when he is called to act. Salley v. Salley, 238 La. 691, 116 So.2d 296; Pepiton v. Pepiton, 222 La. 784, 64 So.2d 3; Kieffer v. Heriard, 221 La. 151, 58 So.2d 836; Port- *309 man v. Portman, La.App., 181 So.2d 429; Antony v. Antony, La.App., 160 So.2d 765; Morris v. Morris, La.App., 152 So.2d 291; Byrd v. Byrd, La.App., 128 So.2d 794. And in view of the fact that the paternal grandmother, rather than either appellant or ap-pellee, was granted the initial custody of the children, we are of the opinion that the rule expressed by us in Pickens v. Pickens, La.App., 186 So.2d 683, 685, is applicable here. In that case we said:
“When the parents of minor children are initially contesting the right of one over the other to custody, the general rule is that the mother’s right to custody, especially when the children are of tender age, is paramount to that of the father and such right will not be denied unless she is morally unfit or otherwise •unsuitable; however, in all cases the most important consideration is the best interest and welfare of the children. Drouin v. Hildenbrand, 235 La. 810, 105 So.2d 532; Boatner v. Boatner, 235 La. 1, 102 So.2d 472; Decker v. Landry, 227 La. 603, 80 So.2d 91; Pepiton v. Pepiton, 222 La. 784, 64 So.2d 3; Tullier v. Tullier, La.App., 140 So.2d 916.”
 We consider it unnecessary to discuss in detail the evidence taken at the trial -of the rules appealed from. It suffices to say that from our careful consideration of the record we find nothing therein which indicates the children will have anything but .a suitable home with the father and that there is conflicting testimony on the ques■tion of the moral and other fitness of the -mother at the time of the trial of the rules, . a question of fact involving only the credibility of witnesses seen and heard by the trial judge. We cannot say the trial court -committed error in finding the mother was ■morally or otherwise unfit to have the -custody of her children or that he abused 'his discretion in granting custody to the zfather.
The judgment appealed from is affirmed.
.Affirmed.