GUIDRY, Judge.
In the instant proceeding Mrs. Eileen Reed Griffith is seeking the custody of her two minor children by a previous marriage. Said children, the issue of her union with Joseph Folse Roy, Jr., are presently in the custody of their paternal grandfather, Joseph Folse Roy, Sr. The trial court refused to grant custody to the mother and Mrs. Griffith perfected an appeal from this adverse judgment.
The record reflects that Mrs. Eileen Reed Griffith and J. Folse Roy, Jr., were married on October 10, 1964. The parties were separated by judgment of court dated July 16, 1968, Mrs. Griffith being granted the custody of her children in this proceeding. In due course a judgment of divorce was obtained dissolving the marriage although this judgment was silent as to custody.
Subsequent to the judgment of divorce, Joseph Folse Roy, Sr., paternal grandfather of the children, instituted proceedings against Mrs. Griffith seeking to obtain the custody of the children alleging therein Mrs. Griffith’s moral unfitness and her failure to properly care for the physical well-being of the children. Mrs. Griffith failed to appear and defend this action and a default judgment was obtained on March 10, 1971 awarding custody of the children to J. Folse Roy, Sr. subject to Mrs. Griffith’s right to reasonable visitation. No appeal was taken from this judgment.
Subsequent to her remarriage, Mrs. Griffith instituted the present proceedings against her former father-in-law, J. Folse Roy, Sr., in order to regain custody of her two children. Mrs. Griffith filed a habeas corpus proceeding alleging that the defendant, J. Folse Roy, Sr., was holding the children contrary to law and praying that he be ordered to produce the two children in court for the purpose of surrendering them to her. On the suggestion of the trial judge, Mrs. Griffith subsequently filed a rule to show cause why she should not be granted the custody of her children. A petition of intervention was lodged by the father of the children, J. Folse Roy, Jr., wherein he prayed that custody remain in his father, J. Folse Roy, Sr., and that Mrs. Griffith’s petition be denied.
The habeas corpus proceeding was consolidated with the rule to show cause and both matters were heard before the same judge who originally granted custody to J. Folse Roy, Sr. The judge ruled in favor of Mr. Roy dismissing Mrs. Griffith’s rule as well as the habeas corpus proceeding.
In her appeal Mrs. Griffith lists essentially three specifications of error on the part of the trial court.
First, Mrs. Griffith argues that the initial custody judgment rendered on March 10th was null and void1 because of lack of jurisdiction over the subject matter in the court wherein it was lodged and because of the failure of plaintiff in these proceedings to join an indispensable party in the litigation. Secondly, she urges that since the initial judgment of March 10th awarding custody to Mr. Roy was invalid, the habeas corpus proceeding which she instituted should not have been treated as one of custody change. Thirdly, she argues that it has not been established that she is an unfit mother and it was error to deprive her of her children.
We cannot agree that the March 10th judgment awarding custody of the children to J. Folse Roy, Sr., was a nullity for lack of jurisdiction or for failure to join an indispensable party.
Plaintiff contends that the district court which rendered that judgment lacked jurisdiction to do so in that the juvenile court was the proper forum to handle the matter since there were allegations of neglect or abandonment of the children involved. We find no basis in law to support plaintiff’s contention.
LSA-R.S. 13:1599 enunciates the jurisdiction of the juvenile court of Jefferson Parish as follows:
“The juveni'e court for the parish of Jefferson shall have jurisdiction, except *708 for 'capital crimes and crimes defined by any law defining attempted aggravated rape committed by children fifteen years of age or older, of cases of the state of Louisiana in the interest of children under seventeen years of age, brought before said court as delinquent or neglected children and the trial of all persons charged with the violation of any law now in existence or hereafter enacted for the protection of the physical, moral or mental well-being of children under seventeen years of age, not punishable by death or hard labor. Said court shall also have jurisdiction of all cases of desertion or nonsupport of children under seventeen years of age, by either parent, or nonsupport of a wife by her husband, and also of the adoption of children under seventeen years of age.”
The proceeding o? March 10th was not one of desertion or nonsupport. Rather, it was one to determine which of two individuals was better qualified to provide for the well-being of the minor children. Evidence of the mother’s failure to provide a wholesome environment in which they could live was received for the purpose of determining who had the better qualifications to raise the children since the mother had a paramount right at that time as natural mother to their care, custody and control. However, the fact that allegations of the neglect of these children were made does not deprive the Twenty-Fourth Judicial District Court from exercising jurisdiction over the matter and did not have the effect of vesting jurisdiction in the juvenile court under the terms of the above quoted statute.
We likewise find unpersuasive plaintiff’s contention that an indispensable party was not named in the initial custody proceeding thereby rendering same a nullity. Plaintiff has argued that the father of the children, J. Folse Roy, Jr., was an indispensable party to the adjudication of their custody.
LSA-C.C.P. art. 641 defines an indispensable party as follows:
“Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action
We fail to see in what manner the rights of the father of the children are so interrelated as to be affected in a prejudicial manner by an award of custody made in a proceeding to which he was not a party. Certainly these proceedings are not res judicata as far as he is concerned. Indeed he may institute proceedings of his own at any time against the party who has been awarded custody to assert his right as parent to obtain physical custody of his children. At that point the court would again make a determination which of the two litigants should be granted custody bearing in mind that it is the welfare of the children that is of paramount importance.
The record reflects no procedural defects in connection with the custody proceeding in which the judgment of March 10th was rendered. We have already decided that the proceeding was lodged in a court of competent jurisdiction. We likewise note that there was proper service of citation and after the legal delays had elapsed, there was a judgment of preliminary default and a confirmation of same after the taking of considerable testimony. This judgment was never appealed. We find no basis on which to consider the judgment rendered in these proceedings to be invalid and will now pass to a consideration of plaintiff’s second specification of error.
Since we have decided that the judgment of March 10th is a valid one, we are of the opinion that the trial court was correct in handling the matter as one for the modification of a previous custody award. Accordingly the burden of proof which plaintiff must meet before she can succeed in obtaining custody of her chil *709 dren is twofold. She must first show that the present environment in which the children are living is detrimental to their welfare and best interest and secondly that she is able to provide the children with a more suitable environment. Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955); Poitevent v. Poitevent, La.App., 152 So.2d 256 (1963); Fletcher v. Fletcher, La.App., 170 So.2d 144 (1964); Overstreet v. Over-street, La.App., 244 So.2d 313 (1971).
Counsel for appellant suggests that the so-called “double burden rule” does not apply in a contest between a natural mother and a grandparent seeking to change a previous custodial award. He cites no authority in support of this contention other than his suggestion that because the parent has a paramount right over the “non-parent” that the rule does not apply. We cannot agree with counsel that this is so or that it should be so. We do agree that the natural mother, especially of children of tender years, is preferred or has a superior right to the custody of her children unless it be established that she is morally or otherwise unfit. Estopinal v. Estopinal, 223 La. 485, 66 So.2d 311 (1953); Guillory v. Guillory, 221 La. 374, 59 So.2d 424 (1952) ; Cannon v. Cannon, 225 La. 874, 74 So.2d 147 (1954). However, a fair reading of the jurisprudence will clearly reflect that this right of preference or superior right of the mother is only accorded in matters involving an initial or original award of custody and is not and should not be applied in a proceeding where the mother is initially or subsequently deprived of custody by reason of her unfitness and later seeks to modify or change the award. This was held by our Supreme Court in the case of Pepiton v. Pepiton, 222 La. 784, 64 So.2d 3 (1953) and Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955), in which latter case the following pertinent comment appears:
“[1] At the outset, it is well to point out that the many cases cited by counsel for appellant in support of the contention that the mother is to be preferred in contests involving the custody of children have no application to the situation presented in the matter at hand. This is not a case wherein the parents of the children are initially contesting the right of one over the other to custody. Here, permanent custody has already been awarded to the father by the judgment of separation conformably with the provisions of Article 157 of the Civil Code.”
See also Mathney v. Mathney, 205 La. 869, 18 So.2d 324 (1944) ; Gentry v. Gentry, La. App., 136 So.2d 418 (1961); Smith v. Smith, La.App., 141 So.2d 84 (1962) and Hanks v. Hanks, La.App., 138 So.2d 19 (1962).
There would appear to be no good reason why this jurisprudential rule applicable in contests between parents seeking to modify an initial award of custody should not be equally applied in contests between a grandparent and a parent. A strong and cogent reason in support of the application of this rule in all cases involving an at- ’ tempted change of any custodial award is the necessity to maintain children of broken homes in as stable an environment as is possible. The emotional upset suffered by children of separated parents is common knowledge.
In an effort to avoid compounding the instability and emotional insecurity with which these children are confronted our courts have consistently and wisely required that one seeking a change establish by a preponderance of the evidence a material change of condition in the environment which is detrimental to the welfare of the involved children and that he or she is able to provide a more suitable environment.
Considering our holding articulated above, we find plaintiff’s third assignment of error to be without merit. The question at the present time is not whether she is an unfit mother. This determination was relevant in the initial proceeding of March 10th and we might point out that *710 from the transcript of the March 10th proceeding which is part of the record presently before us, there was considerable evidence introduced at that time in support of the allegation of Mrs. Griffith’s unfitness. However at present it is necessary for Mrs. Griffith to meet the double burden rule referred to previously. After a careful review of the record, we agree with the findings of fact made by the trial judge which in part are stated as follows:
“The rule to change the custody filed by the mother was not supported by 'any evidence that the children were improperly cared for or that she could provide a proper home for their upbringing and welfare.”
Since plaintiff has not met the burden of proof required of her, the trial court properly rejected her demand for a change in the custody of the children.
For the foregoing reasons the judgment of the trial court is affirmed. Cost of this proceeding to be borne by appellant.
Affirmed.